UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Mario Carlos Cabo

       v.                        Case No. 23-cv-66-JL

Warden, FCI Berlin


## REPORT AND RECOMMENDATION
## ON WARDEN'S MOTION TO DISMISS

Petitioner Mario Carlos Cabo ("Cabo"), who is incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") and is proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction for using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Cabo contends that under United States v. Taylor, 596 U.S. ---, 142 S. Ct. 2015 (2022), his conviction is invalid because the predicate offense – an attempted Hobbs Act robbery – is not a "crime of violence" for purposes of § 924(c). Accordingly, Cabo claims that his continued confinement is unlawful.

The matter is before the court on the "Warden's Motion to Dismiss" (Doc. No. 12), by which the respondent, the FCI Berlin Warden ("Warden"), has moved to dismiss the petition for lack of jurisdiction. In light of the Supreme Court's recent decision in Jones v. Hendrix, 599 U.S. 465 (2023), this court concludes that subject-matter jurisdiction is lacking and that Cabo cannot proceed on his claim under § 2241. Therefore, and for all the reasons described below, this court recommends that the Warden's motion to dismiss be ALLOWED.

## **STANDARD OF REVIEW**

Motions to dismiss for lack of subject-matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]  See Fed. R. Civ. P. 12(b)(1).  When jurisdiction is challenged under that Rule, "the party invoking the jurisdiction of a federal court" – here, the petitioner – "carries the burden of proving its existence."  Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).  "If [that] party fails to demonstrate a basis for jurisdiction, the district court must grant the motion to dismiss."  Id.

"The pleading standard for satisfying the factual predicates for proving jurisdiction is the same as applies under Rule 12(b)(6) – that is, the [petitioner] must state a claim to relief that is plausible on its face."  Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey, 844 F.3d 318, 326 (1st Cir. 2016) (quotations and citation omitted).  "Where, as here, a [motion for] dismissal for want of jurisdiction is based solely on the [petition]," the court must "accept 'the well-pleaded factual averments contained therein and indulg[e] all reasonable inferences in the [petitioner's] favor.'"[2]  Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017) (third alteration in original) (quoting Muniz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003)).  "[A]n order granting a motion to dismiss . . . is appropriate only when the facts adumbrated in the

---

[1] The Federal Rules of Civil Procedure apply to habeas corpus proceedings.  See Fed. R. Civ. P. 81(a)(4).

[2] While the court is entitled to consider any evidence submitted by the parties in connection with a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), no such evidence has been submitted in this case.  See Rocha v. Barr, 395 F. Supp. 3d 195, 196-97 ("any evidence submitted by the parties may ordinarily be considered" in connection with a motion to dismiss for lack of subject matter jurisdiction).  Accordingly, this court's recitation of the background facts is based solely on the facts alleged in Cabo's petition.

[petition], taken at face value, fail to bring the case within the court's subject-matter jurisdiction." Id.

## BACKGROUND

As described in his petition for writ of habeas corpus, Cabo was convicted under 18 U.S.C. § 924(c) for using and carrying a firearm during and in relation to a crime of violence. Pet. (Doc. No. 1) ¶ 3. The sole predicate offense for his conviction under § 924(c) was an attempted Hobbs Act robbery.³ Id. ¶ 4. In 2016, Cabo filed a motion under 28 U.S.C. § 2255 in the District Court for the Southern District of Florida. Id. ¶ 7. Therein, Cabo challenged his conviction on the grounds that under the then-existing authority, his Hobbs Act offense was not a predicate crime of violence for purposes of supporting a conviction under § 924(c). Id. The Florida court denied the motion with prejudice. Id. In 2019, Cabo sought leave from the Court of Appeals for the Eleventh Circuit to file a second or successive motion under 28 U.S.C. § 2255. Id. ¶ 8. In his application, Cabo argued that under the existing authority, his attempted Hobbs Act robbery did not qualify as a predicate crime of violence for his § 924(c) conviction. Id. The Eleventh Circuit rejected Cabo's argument and denied his application. Id.

In 2022, the Supreme Court decided Taylor, 142 S. Ct. 2015. Therein, the Court expressly held that an attempted Hobbs Act robbery is not a "crime of violence" as that term is defined in 18 U.S.C. § 924(c)(3)(A).⁴ Taylor, 142 S. Ct. at 2020. In other words, the Supreme Court determined,

---

³ "[T]he Hobbs Act proscribes conduct that 'in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do.'" United States v. Hernández-Román, 981 F.3d 138, 144 (1st Cir. 2020) (quoting 18 U.S.C. § 1951(a)).

⁴ 18 U.S.C. § 924(c)(3)(A) defines a "crime of violence" to mean "an offense that is a felony and … has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"

3

based on an analysis of § 924(c), that an attempted Hobbs Act robbery could not serve as a predicate offense for a conviction under the statute.

Cabo subsequently sought leave to file a second or successive motion under 28 U.S.C. § 2255, in order to raise a single claim based on Taylor. Pet. ¶ 9. Federal prisoners may file a second or successive § 2255 motion "only if the prisoner can show that the proposed second or successive [motion] is based either on newly discovered evidence or a new rule of constitutional law." Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). In support of his application, Cabo argued that his claim relied on "newly discovered evidence" consisting of the Supreme Court's ruling in Taylor. See id. The Eleventh Circuit rejected Cabo's argument and ruled that it did not satisfy the criteria for filing a successive motion under § 2255 because it was based on case law rather than on evidence of Cabo's factual innocence. Id. Accordingly, the Eleventh Circuit denied his application. Id.

In connection with his 2022 application to file a second or successive § 2255 motion, Cabo did not assert, as an alternative to his "newly discovered evidence" argument, that Taylor announced a new rule of constitutional law. Id. ¶ 10. According to Cabo, any such claim would not have met the criteria for filing a second or successive motion because "Taylor did not announce a new rule of constitutional law, but rather interpreted, as a matter of statutory analysis, the meaning of the term 'crime of violence' in § 924(c)," and "[t]he Supreme Court's interpretation of a substantive criminal statute . . . cannot announce a new rule of constitutional law" for purposes of § 2255. Id. Because he maintains that he has no means of challenging his confinement under

4

§ 2255, Cabo asserts that he "has no other remedy for release from his unlawful detention" aside from pursuing a writ of habeas corpus pursuant to § 2241. Id. ¶ 11.

## DISCUSSION

The Warden has moved to dismiss Cabo's petition on the grounds that this court lacks jurisdiction under § 2241, and that the only way Cabo can proceed with his claim is to obtain certification from the Eleventh Circuit to file a second or successive motion under § 2255. Doc. No. 12 at 2. "[A] federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241." Jones, 599 U.S. at 469. However, a prisoner's ability to challenge his sentence under § 2255 is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Trenkler, 536 F.3d at 96 (explaining that the AEDPA "imposed significant new constraints on proceedings under § 2255." (footnote omitted)). While a federal prisoner may file a first § 2255 motion directly with the sentencing court, see 28 U.S.C. § 2255(a),[5] the AEDPA requires federal prisoners who seek to file a second or successive § 2255 petition to obtain prior authorization from the court of appeals. Trenkler, 536 F.3d at 96 (citing 28 U.S.C. § 2255(h)). Additionally, under the AEDPA, "second or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)." Jones, 599 U.S. at 469. "A federal prisoner may not, therefore, file a second or

---

[5] 28 U.S.C. § 2255(a) provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

5

successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted r his conviction became final and his initial § 2255 motion was resolved." Id. at 469-70.

In the instant case, Cabo contends that he cannot pursue his claim by way of a § 2255 motion because it is based on the Supreme Court's interpretation of a statute in Taylor rather than newly discovered evidence or a new rule of constitutional law. See Pet. ¶¶ 9-10. Accordingly, he is seeking to invoke jurisdiction over his § 2241 petition under the so-called "savings clause" of § 2255. See Doc. No. 14 at 1. That provision, which is contained in § 2255(e), enables a federal prisoner to proceed under § 2241 "when a § 2255 motion would be 'inadequate or ineffective to test the legality of [the] detention.'"[6] Matthews v. Hazelwood, No. 17-cv-279-JL, 2019 WL 13379566, at *2, 2019 U.S. Dist. LEXIS 251661, at *5 (D.N.H. Mar. 25, 2019) (alteration in original) (quoting 28 U.S.C. § 2255(e)). Cabo asserts that he has "demonstrated how § 2255 was inadequate or ineffective to test the legality of his detention[.]" Doc. No. 14 at 1. Therefore, he contends that he is entitled to pursue his § 2241 petition under the savings clause of § 2255(e). See id. The Warden disagrees and argues that under the Supreme Court's recent decision in Jones, the savings clause "does not . . . preserve § 2241 jurisdiction merely because a defendant cannot meet the gatekeeping requirements for bringing a second or successive § 2255 motion." Doc. No. 12 at 2. This court finds that the Warden is correct and that Jones precludes Cabo from pursuing a § 2241 petition in this court.

"Before Jones, whether the savings clause permitted a prisoner to challenge his detention on the grounds that a change in statutory interpretation arguably rendered the conduct underlying

---

[6] The savings clause provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

6

his conviction non-criminal was a question of significant debate in the courts of appeals." Voneida v. Johnson, 88 F.4th 233, 237 (3d Cir. 2023). While "[t]wo circuits held that an intervening change in statutory interpretation could not render § 2255 inadequate or ineffective[,]" most of the other circuits held "that the savings clause permits a prisoner to challenge his detention [under § 2241] when a change in statutory interpretation raises the potential that he was convicted of conduct that the law does not make criminal[.]" Id. (citing cases). The Supreme Court resolved this debate in 2023 when it decided Jones. There, the Court held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones, 599 U.S. at 471. As the Supreme Court explained:

> We now hold that the savings clause does not authorize such an end-run around AEDPA. In § 2255(h), Congress enumerated two – and only two – conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

Id. at 477-78. The Court further explained that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the savings clause. It means that he cannot bring it at all." Id. at 480. Under Jones, therefore, this court lacks subject-matter jurisdiction to consider Cabo's habeas petition. See id. at 471 (affirming dismissal of § 2241 petition for lack of subject-matter jurisdiction).

Cabo attempts to avoid this conclusion by arguing that Jones is inapplicable to his case. Specifically, he argues that Jones does not support the dismissal of this action because the Supreme Court had not yet decided the case at the time he filed his § 2241 petition and Jones "is not retroactive." Doc. No. 14 at 1-2. While Jones was not decided until June 2023, approximately

7

five months after Cabo initiated this action, the petitioner's argument is unpersuasive.  "[S]ubject matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002).  "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).  "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).  Because Jones makes clear that this court presently lacks subject-matter jurisdiction over Cabo's petition, the Warden's motion to dismiss must be allowed.

## **CONCLUSION**

For all the reasons described above, the District Judge should ALLOW the "Warden's Motion to Dismiss" (Doc. No. 12) and dismiss this case for lack of subject-matter jurisdiction.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on

appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 18, 2024

cc: Mario Carlos Cabo, pro se
    Seth R. Aframe, AUSA

9